IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DELBERT GLEN ROGERS, PRO SE, <br> TDCJ-CID No. 657580, <br> Previous TDCJ-CID No. 540216, <br> Previous TDCJ-CID No. 330782, <br><br> Plaintiff, <br><br> v. <br><br> Mr. DENNIS MARKGRAF, <br> Dr. NFN MASSEY, <br> Ms. SHELLY COLEMAN, <br> Ms. LAWANA HEY, Ms. KITT BYRD, <br> Ms. PAULA ZINSER, <br> Ms. TAMMY WILSON, <br> Ms. SARA TENORIO, <br> Ms. JANIE ROWLEY, and <br> Ms. LORENE LAFAVE, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | 2:14-CV-0216 |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff DELBERT GLEN ROGERS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains defendant BYRD allowed him to be burned while applying heat packs to his leg because she was more interested in talking with a male security officer than monitoring plaintiff's condition.

Plaintiff claims defendant MARKGRAF ordered a cover-up by stating no pictures of plaintiff's burns should be taken and accuses all of the remaining defendants of failure to treat his burns or of insulting him with vulgarities and unprofessional behavior.

By the Court's October 24, 2014 Briefing Order, plaintiff was asked whether he was

refused treatment on dates other than the May 20, 2014 and June 2, 2014 occasions he had identified and to state who had denied him treatment on those additional dates. Plaintiff stated he had been denied treatment by defendant COLEMAN on May 20, 2014; by defendants MASSEY and BYRD on June 2, 2014; by defendant BYRD on June 6, 2014; by defendant LAFAVE on June 7, 2014; by defendants COLEMAN and MASSEY on June 12, 2014; and by defendant COLEMAN on June 13, 2014.

Plaintiff claims his condition worsened when he did not receive treatment in that his burn would "start running with fluids and [his] muscle [would] start pulling to where leg swelled and toes were numb." Plaintiff says his "muscle and leg is burn together making it a proximal muscle weakness and pain medical illnesses for life." He says he can no longer run or do other things he used to do.

Plaintiff requests $950,000.00 for pain and suffering and $950,000.00 for punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

(5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Nevertheless, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). The plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir.1978); *Irby v. Cole,* No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D.Miss. Sept.25, 2006). "Deliberate

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

indifference exists wholly independent of an optimal standard of care." *Gobert v. Caldwell,* 463 F.3d 339, 349 (5th Cir.2006). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). A prisoner's, or some other layperson's, disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, negligent medical care will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff claims he was denied medical treatment on May 20, 2014 by defendant COLEMAN and on June 2, 2014 by defendants MASSEY and BYRD. When asked to list the other days, if any, on which he was refused medical care and to identify the person(s) who refused, plaintiff identified defendants BYRD (June 6, 2014), LAFAVE (June 7, 2014), COLEMAN and MASSEY (June 12, 2014), and COLEMAN again (June 13, 2014). Plaintiff made no mention of any denial of medical care by defendants MARKGRAF, HEY, ZINSER, WILSON, TENORIO, and ROWLEY.

Plaintiff's claim against defendant MARKGRAF is that he ordered the nurses not to take pictures of plaintiff's burns and covered up the incident by lying about it. To the extent plaintiff claims a right to an accurate investigation of his complaint concerning his burns, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109

S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant MARKGRAF lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendants HEY, ZINSER, WILSON, TENORIO, and ROWLEY, they are not included in the list of persons who actually denied medical care to plaintiff. A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Court has viewed plaintiff's remaining allegations in the light most favorable to him and finds plaintiff has not alleged sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Further, plaintiff's vague allegations of unprofessional behavior and rude comments by unit medical staff in general and complaint that he didn't receive treatment "from anyone," fail to present facts sufficient to state a claim of any sort against defendants HEY, ZINSER, WILSON, TENORIO, and ROWLEY on which relief can be granted.

To the extent that plaintiff's claim against one or more of defendants MARKGRAF, HEY, ZINSER, WILSON, TENORIO, and ROWLEY is based upon the supervisory position of any of these defendants, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held liable only when he or she is either personally involved

in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DELBERT GLEN ROGERS against defendants MARKGRAF, HEY, ZINSER, WILSON, TENORIO, and ROWLEY be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of November, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).