IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DELBERT GLEN ROGERS, PRO SE, § <br> TDCJ-CID No. 657580, § <br> Previous TDCJ-CID No. 540216, § <br> Previous TDCJ-CID No. 330782, § <br> § <br> Plaintiff, § <br> v. § 2:14-CV-0216 <br> § <br> Mr. DENNIS MARKGRAF ET AL., § <br> § <br> Defendants. § | |

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENY PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF

Before the Court for consideration is Defendants' Motion for Summary Judgment filed June 1, 2016 as to defendants BYRD, COLEMAN, LEFAVE, and MASSEY [D.E. 52]. On May 2, 2016 plaintiff filed a motion for summary judgment [D.E. 41], and supplemented that motion on July 5, 2016 [D.E. 67]. The plaintiff also responded to the defendants' motion for summary judgment in the May 2, 2016 pleading. Plaintiff has additionally filed several requests for injunctive relief [D.E. 65, 68, and 69]. The Court has reviewed all the summary judgment evidence and arguments of the parties.

### OVERVIEW OF THE CASE

When receiving treatment in the medical unit for pain in his leg on April 29, 2014, plaintiff suffered a severe burn to his leg, resulting in a significant injury requiring follow-up treatment for the period of time from April 30, 2014 to July 17, 2014, when the injury was considered healed by medical personnel. The burns to his leg were the result of heat packs which had been applied to treat reoccurring pain from an unrelated illness. It is unclear whether the heat packs were too hot, or were left on too long, or caused damage to the plaintiff's leg due to an unknown underlying medical condition. Defendant BYRD applied the heat packs to the plaintiff's leg.

When this case was filed, plaintiff alleged six specific incidents where he claimed he was denied medical treatment for the burns on his leg and alleged defendant BYRD was negligent in treating the plaintiff on April 29, 2014, a treatment that resulted in the original serious burn. Plaintiff states BYRD was distracted talking to other personnel during her treatment of plaintiff and failed to monitor the application of the heat packs appropriately. Even attributing the maximum responsibility to defendant BYRD regarding the original application of heat packs to plaintiff's leg based on plaintiff's allegations, no facts are alleged showing more than negligence in regard to the original burn. The Court does not minimize the obvious injury caused to the plaintiff on April 29, 2014 while receiving medical care, and the Court doesn't minimize either the pain suffered by the plaintiff as a result of the burn or treatment thereafter. It is obvious from the medical records that a serious burn occurred.

The plaintiff's claims survived initial screening by the Court because plaintiff was burned during a medical procedure and alleged he had been denied appropriate follow up care. Upon receiving the summary judgment evidence, the Court now must view the six incidents alleged by plaintiff against the medical evidence submitted by the defendants in their summary judgment motion. In the context of receiving over 66 treatments, many from the named defendants, for follow up burn care between April 30, 2014 and July 17, 2014 (a total of 66 treatments over a period of 78 days), it appears that any denial or delay of treatment for the six dates plaintiff originally alleged, at most, constituted an isolated incident that does not amount to deliberate indifference. Plaintiff does not rebut the number of times he received treatment, but rather states that the times he did not receive treatment was a result of prejudice and animus against the defendant based on racial bias or personal bias of the medical staff. Plaintiff further alleges a conspiracy, albeit unsubstantiated by facts, that defendants acted in concert to delay care.

## CLAIMS AND REQUESTS FOR RELIEF

Plaintiff DELBERT GLEN ROGERS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against defendants MASSEY, COLEMAN, BYRD, and LEFAVE and was granted permission to proceed in forma pauperis. Plaintiff also filed suit against defendants MARKGRAF, HEY, ZINSER, WILSON, TENORIO, and ROWLEY, but these claims were dismissed with prejudice as frivolous and without prejudice for failure to state a claim on December 3, 2014. Plaintiff has filed several requests to amend his suit to reinstate defendant MARKGRAF, but these requests have been denied in previous orders.

Plaintiff complains defendant BYRD allowed him to be burned while applying heat packs to his leg because she was more interested in talking with a male security officer than monitoring plaintiff's condition.

Plaintiff claims defendant MASSEY failed to treat his burns properly and cut him several times while treating these burns. Plaintiff further asserts MASSEY treated plaintiff while intoxicated.

Plaintiff claims defendants COLEMAN and LEFAVE refused to treat his burns because of racial hatred and personal bias against the plaintiff and further claims COLEMAN and LEFAVE conspired to deny him treatment.

Plaintiff also alleges a denial of treatment by all defendants on several separate occasions, when he was not seen by medical personnel on days he was scheduled for treatment of his burns.

By the Court's October 24, 2014 Briefing Order, plaintiff was asked whether he was refused treatment on dates other than the May 20, 2014 and June 2, 2014 occasions he had identified and to state who had denied him treatment on those additional dates. Plaintiff stated he had been denied treatment by defendant COLEMAN on May 20, 2014; by defendants MASSEY and BYRD on June 2, 2014; by defendant BYRD on June 6, 2014; by defendant LEFAVE on June 7, 2014; by

defendants COLEMAN and MASSEY on June 12, 2014; and by defendant COLEMAN on June 13, 2014.

Plaintiff claims his condition worsened when he did not receive treatment in that his burn would "start running with fluids and [his] muscle [would] start pulling to where leg swelled and toes were numb." Plaintiff claims these burns caused a lifetime injury to his leg. He says he can no longer run or do other things he used to do.

Plaintiff requests $950,000.00 for pain and suffering and $950,000.00 for punitive damages.

## STANDARD OF REVIEW

Summary judgment may be granted if there is "no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 376 (5th Cir. 1991). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. At 2510. To avoid summary judgment, the nonmoving party must submit admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case. Unsubstantiated assertions of an actual dispute will not suffice. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). An opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). A non-movant cannot manufacture a factual dispute by asking the Court to draw inferences contrary to the evidence. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Defendants have asserted the defense of qualified immunity in their motion for summary judgment. Generally, evidence must be viewed in the light most favorable to the plaintiff if there is a genuine dispute as to the facts; however, when a plaintiff's view of events is contradicted by

evidence in the record, the Court need not blindly accept plaintiff's view of the facts. In *Scott v. Harris*, 550 U.S. 372, 380–81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) the Supreme Court held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. The court could instead rely on the admissible evidence in evaluating the motion for summary judgment rather than the "visible fiction" offered by the non-moving party. *Id.* at 381. The same evidentiary weight applies when the court is determining whether the plaintiff can overcome a plea of qualified immunity at the pleading stage before discovery or other court proceedings or if the court is evaluating the case for frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i).

## THE LAW AND ANALYSIS OF DELIBERATE INDIFFERENCE AND MEDICAL CLAIMS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Nevertheless, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative

method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). The plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir.1978); *Irby v. Cole,* No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D.Miss. Sept.25, 2006). "Deliberate indifference exists wholly independent of an optimal standard of care." *Gobert v. Caldwell,* 463 F.3d 339, 349 (5th Cir.2006). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). A prisoner's, or some other layperson's, disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, negligent medical care will not support a claim under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Additionally, a delay in medical care will only constitute an Eighth Amendment violation if such delay results in substantial harm to the plaintiff. *Id.* at 193.

Plaintiff claims he was denied medical treatment on May 20, 2014 by defendant COLEMAN and on June 2, 2014 by defendants MASSEY and BYRD. When asked to list the other days, if any, on which he was refused medical care and to identify the person(s) who refused, plaintiff identified defendants BYRD (June 6, 2014), LEFAVE (June 7, 2014), COLEMAN and MASSEY (June 12, 2014), and COLEMAN again (June 13, 2014).

Defendants, in their motion for summary judgment, have attached all medical records regarding the treatment of plaintiff ROGERS as a result of his burns sustained on April 29 or April 30, 2014, while receiving heat treatment for pain in his leg. These medical records are competent summary judgment evidence. These records indicate that on two occasions, May 20, 2014, and June 2, 2017, plaintiff was not taken to the medical unit to receive treatment for his burns. On one of those occasions, the unit was on lockdown. The next day (June 3, 2014), however, plaintiff was treated for

his burns in the medical unit and no worsening of his condition was indicated or noted by the medical personnel at the time of treatment. Additionally, plaintiff was taken to the medical unit to receive treatment on May 21, 2014 and there was no sign of infection as a result of the one day delay. Two missed appointments, viewed in light of the almost daily appointments to treat the plaintiff's burns, do not create a factual question regarding deliberate indifference on the part of these defendants. The competent summary judgment evidence indicates that at best the defendants may have been negligent in failing to make sure the plaintiff received daily wound care.[1] No competent summary judgment evidence shows a failure to treat the plaintiff for his burns.

The summary judgment evidence shows the plaintiff was taken to the medical unit on more than sixty (60) different days to receive treatment for his burns between May 2014 and July 2014, when plaintiff was considered healed of his burns. Defendants COLEMAN and LEFAVE treated his burns on several different days during that time, including LEFAVE treating him on June 7, 2014.[2] Additionally, plaintiff accused defendant BYRD of denying plaintiff treatment on June 6, 2014; however, medical records indicate that plaintiff received treatment for his burns on June 6, 2014. Plaintiff failed to show for his medical treatment on June 12, 2016, and defendant MASSEY was provided with no opportunity to have denied him treatment. All defendants provided some care to the plaintiff following his burns sustained in April of 2014.

The plaintiff's allegations against defendant BYRD for causing his burns in the first place reflect, at most, negligence claims. The plaintiff had requested the treatment in question (heat application) and admits he was able to move during the treatment. He indicates that BYRD was distracted during his treatment and failed to pay attention to him; however, none of the factual

---

[1] Plaintiff argues that he did not receive treatment on July 12, 2014. Defendants assert that plaintiff refused to go in for treatment that day, which plaintiff disputes. Although this creates a factual question as to treatment on that day, this factual question is not critical to the resolution of this case. The plaintiff's wound was determined to be healed just four or five days later. The competent summary judgment evidence shows plaintiff received regular burn follow up care.

[2] Plaintiff argues that LeFave did not provide him treatment on this day; the competent summary judgment evidence reflects that he did receive would care on this day.

allegations against BYRD reflect a *deliberate* indifference in treating the plaintiff's complaints of pain nor do they reflect an intentional act to injure plaintiff. While it is clear that the application of heat to plaintiff's leg caused a serious burn, at best these claims reflect negligence and not deliberate indifference.

The defendants have asserted the defense of qualified immunity as discussed above. Negligent or inept actions on the part of TDCJ officials do not amount to deliberate indifference and do not remove the protections of qualified immunity from those officials. *See Hernandez ex rel. Hernandez v. Texas Dep't. Of Protective and Regulatory Services*, 380 F.3d 872, 883 (5th Cir. 2004)(quoting *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)). Qualified immunity protects government officials from liability from actions that are merely negligent or incompetent. Once asserted by the defendants, the plaintiff must overcome the defense of qualified immunity by establishing that the behavior of the defendants violated constitutional protections and was not merely negligent. Plaintiff has failed to do so in this case.

The Court has also considered the arguments in the plaintiff's motion for summary judgment. As the moving party, plaintiff must show that a reasonable jury could not render a verdict in favor of defendants based on admissible and competent summary judgment evidence. As discussed above, the defendants in this case are entitled to the defense of qualified immunity and the plaintiff has failed to present sufficient evidence to support and/or show a material fact question in regards to deliberate indifference.

### PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF

The grant or denial of a preliminary injunction or temporary restraining order is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). It is typically granted pending trial on the merits in order to maintain the status quo between the litigants and to prevent irreparable harm that may result before a dispositive trial. *Shanks v. City*

*of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). That authority is to be used "sparingly and only in the most critical and exigent circumstances." *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306, 125 S. Ct. 2, 3–4, 159 L. Ed. 2d 805 (2004).

> Rule 65 of the Federal Rules of Civil Procedure provides, in relevant part:
> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.PRO. 65(b).

In order to secure a preliminary injunction or a temporary restraining order a movant has the burden of proving four elements:

1. A substantial likelihood of success on the merits;

2. A substantial threat that movant *will suffer* irreparable injury if the injunction is not issued;

3. The *threatened injury* to the movant outweighs any damage the injunction might cause to the nonmovant; and

4. The grant of a preliminary injunction will not disserve the public interest.

*Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). A preliminary injunction is an extraordinary remedy and is not granted unless the movant clearly satisfies each one of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."

*PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 318 F.3d 535, 545 (5th Cir. 2005 (citations omitted).

Because this case concerns prison conditions, the Prison Litigation Reform Act (the "PLRA") imposes additional restrictions on the authority to grant an injunction. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a)(1). In particular the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is "(1) narrowly drawn; (2) extends no further than necessary to correct the violation of a Federal right; and (3) is the least intrusive means necessary to correct the violation of the Federal right." *See* 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. *See* 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2); *see also Nelson v. Campbell*, 541 U.S. 637, 650, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004).

A "current and ongoing" violation is one that "exists at the time the district court conducts the § 3626(b)(3) inquiry." *Castillo v. Cameron Cty., Tex.*, 238 F.3d 339, 353 (5th Cir. 2001) (citing *Cason v. Seckinger*, 231 F.3d 777, 784 (11th Cir.2000); *Hadix v. Johnson*, 228 F.3d 662 (6th Cir.2000)(stating that "the PLRA directs a district court to look to current conditions"); *Benjamin v. Jacobson*, 172 F.3d 144, 166 (2d Cir.1999) ("Evidence presented at a prior time could not show a violation that is 'current and ongoing.'").

The Court must determine if the plaintiff has met his burden on the four prerequisites to a preliminary injunction/temporary restraining order and determine if such extraordinary relief is appropriate in this case. Plaintiff, in his original suit, alleges the named defendants violated his constitutional rights through their deliberate indifference to his serious medical needs. Plaintiff alleges racial discrimination and personal bias in the denial of treatment for his medical needs.

In his motions for injunctive relief and/or a temporary restraining order, plaintiff asserts that defendants are attempting to cover up their failed medical care and denial of treatment. Plaintiff further requests the production of additional documents. The Court has already ordered the release of medical records and has received said records regarding the plaintiff's care as a part of the summary judgment evidence.

In the instant case, plaintiff has not sustained his burden on any, much less all, of the four prerequisites to issuance of a preliminary injunction or temporary restraining order listed above. The Court must determine if injunctive relief is necessary to allow plaintiff to pursue his case in court. No arguments made by plaintiff in his request for injunctive relief show a likelihood of prevailing on the success of his original complaint. In fact, the Magistrate Judge has made a review of plaintiff's claims and determined these claims are subject to dismissal on the grounds of qualified immunity. Plaintiff has not shown he is in any immediate danger necessitating an injunction or that without an immediate injunction he will be denied access to the courts or the ability to pursue his claims; further the evidence indicates that his burn wounds have healed as of July 17, 2014, and he has not failed to receive care since that date for any ailment. Plaintiff has failed to allege any threatened imminent injury to the plaintiff, and finally he has not articulated what public interest will be served by

issuance of the injunction. For these reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's requests for injunctive relief be DENIED.

## CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Court that the Defendants' Motion for Summary Judgment on the grounds of qualified immunity be GRANTED. Further, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion for summary judgment be DENIED. It is the RECOMMENDATION of the Magistrate Judge that the plaintiff's requests for injunctive relief and/or temporary restraining orders be DENIED for the reasons discussed above. Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DELBERT GLEN ROGERS against defendants MASSEY, COLEMAN, BYRD, and LAFAVE be DISMISSED WITH PREJUDICE ON THE GROUND OF QUALIFIED IMMUNITY.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of March, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).